Town of Caledonia and another, Respondents, vs. Racine County and another, Appellants.

*September 18—October 13, 1942.*

*Richard G. Harvey, Jr.,* district attorney, and *William W. Storms,* assistant district attorney, for the appellants.

For the respondents there were briefs by *Earl F. Buelow* of Racine, and *Lines, Spooner & Quarles* of Milwaukee, attorneys, and *Maxwell H. Herriott* of Milwaukee of counsel, and oral argument by *Mr. Herriott.*

ROSENBERRY, C. J.    It appears that the defendant county sought to charge back a special assessment tax twelve years after it had been returned.    The questions involved are: (1) Did the county have such right, and if so, did it charge back the tax within a reasonable time?    The opinion of the trial court in this case is a clear and correct statement of the law and the facts, and is as follows:

"It appears to the court unnecessary to determine whether sec. 62.21, statutes, as amended by the Laws of 1929, is

retroactive in its operation for the reason that assuming that it is retroactive in its operation the same result must be reached.

"Sec. 62.21 (1) (d) as amended by the Laws of 1929 provides: '(d) If any instalment so entered in the tax roll shall not be paid to the city treasurer with the other taxes it shall be returned to the county as delinquent and accepted and collected by the county in the same manner as delinquent general taxes on real estate.'

"The special assessments in question were so returned by the town treasurer and were accepted by the county in the same manner as delinquent general taxes on real estate.

"Sec. 62.21 (1) (h) 1 provides in part: '. . . If certificates issued under the provisions of this section are necessarily bid in at the tax sale by the county and are not sold, redeemed or otherwise disposed of within three years of the date of the sale thereof, the amount of the redemption value thereof at the time may be charged back as a tax to the proper city, town or village; but the county shall retain such certificates and if at any time thereafter the same shall be sold, redeemed or otherwise disposed of, the county treasurer shall pay the city, town or village which returned the same the full amount received therefor including interest and fees, or if the county shall take tax deeds upon such certificates the amount of the redemption value of said certificates shall be credited to the respective town, city or village which returned the same.'

"Sec. 62.21 (2) [Sec. 62.21 (1) (h) 2, Stats. 1935] provides in part: '. . . The lien of the special assessment tax certificates so assigned shall be subordinate to the lien of general state and county tax certificates outstanding against the same real estate for the same or prior years.'

"The rights accorded to and the protection afforded by sec. 62.21 (2) do not arise in favor of the town until the certificates have been charged back as a tax to the town. The term 'within three years,' as specified in sec. 62.21 (1) (h) 1, is important from the standpoint of the protection of the town for the reason that if five years elapsed from the date of the tax sale the county would be in a position to take a tax deed upon a tax sale certificate for general taxes returned delinquent for the same year in which the special assessments were returned delinquent to the county. As the lien of the

special assessment tax certificates is made subordinate to the lien of general taxes for the same or prior years such tax deeds so taken would cut off the special assessment tax certificates and render the sale or assignment of the special assessment tax certificates provided by sec. 62.21 (2) an idle and useless ceremony. It may be argued that as the liens of the special assessment tax certificates are made by the law subordinate to the liens of general taxes and county tax certificates outstanding against the same real estate not only for the same but for prior years that the lien of the special assessment certificates might be so cut off as to prior years before the expiration of the three-year period and the levying of the charge back tax. This may be true but certainly the legislature did not intend that the lien of the special assessment tax certificates should be cut off in every event and under the law as enacted the town would be in a position before it returned the special assessments to the county as delinquent to examine the tax records as to delinquent general taxes not only for the same but particularly for prior years and thereby determine whether it could safely return the delinquent special assessments to the county in the same manner as delinquent general taxes on real estate.

"The special assessments in question were returned in 1930 by the town to the county. At the 1930 tax sale these special assessments were duly advertised and sold by the county and the special assessment tax sale certificates issued therefor were bid in by the county at the sale.

"The defendant county, by resolution of its county board adopted December 4, 1941, directed its county clerk to charge back to the plaintiff as a county tax the redemption value at date of sale of delinquent instalments of special assessments returned in 1930, to wit: The amount of $10,521.07, together with interest, penalties and fees accruing to date of charge back.

"The resolution of the county board instructed the county clerk not to charge these amounts back in the 1941 warrant and recited that the district attorney and the attorney for the town of Caledonia will join in obtaining a declaratory judgment on the legality of the charge back in the year 1942. Accordingly, the charge back is to be made in the year 1942,

which will be over twelve (12) years after the special assessments were returned as delinquent and over nine (9) years after the expiration of the three-year period next succeeding the tax sale.

"If this tax may legally be levied by the county then the town is subjected to the same fees and penalties for the entire period as a delinquent taxpayer. If the county may lawfully delay the charge back for twelve (12) years instead of three (3) years may it not delay the charge back for fifteen (15) years from the date of the tax sale and beyond the period when a tax deed may be issued under the provisions of sec. 75.20 and in this manner deprive the town of any remedy and subject the general taxpayers of the town not only to the payment of a tax for the special assessments but in addition thereto to the payment of the interest and penalties for the entire period? Certainly the legislature intended no such results, particularly where the law pursuant to which the special assessments were levied,—that is, 62.21 (2), Laws of 1927, provided that bonds issued for the purpose of anticipating the collection of special assessments were payable only out of such special assessments and that such bonds should in no event be a town liability.

"Sec. 62.21 (1) (h) 1 provides that if the certificates are not redeemed or otherwise disposed of within three years of the date of the sale thereof, the amount of the redemption value thereof at the time may be charged back as a tax to the proper town. Accordingly the county may not act before the expiration of the three-year period and the law provides that the charge back shall be a tax. The right on the part of the county to charge back does not arise until the expiration of the period of three years from the date of the tax sale. The statute reads 'may be charged back as a tax to the proper town.' Upon the expiration of the three-year period it becomes optional with the county whether it will or will not make the charge back. If the county fails to exercise its option to make the charge back then the situation continues the same as prior to the expiration of the three-year period. As the charge back under the statute is required to be made as a tax such tax could not be levied until the time for levying taxes next succeeding the expiration of the three-year period.

"Considering the objects intended to be accomplished and the purposes intended to be served by the statute, there being no time specified in the statute when the option to charge back should be exercised by the county, compels the conclusion that such option must be exercised within a reasonable time after the expiration of the three-year period after the tax sale, otherwise it ceases to exist, and in this case the county having failed to exercise its option to charge back within a reasonable time the demurrer must be and is sustained. The foregoing conclusion renders it unnecessary to determine whether the statutes of limitation are applicable to this situation or to determine to what date, in the event of the levying of a tax pursuant to a charge back, interest and penalties may be included as a part of the tax."

*By the Court.*—The order appealed from is affirmed.